UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Respondent,<br><br>    v.<br><br>PATRICK RAYNELL LOVE,<br><br>        Movant. | No.  2:14-cr-0146 GEB CKD<br><br>FINDINGS AND RECOMMENDATIONS |

      Movant is a federal prisoner proceeding through counsel with a motion attacking his sentence under 28 U.S.C. § 2255.  ECF No. 31.

      On November 7, 2014, movant pled guilty to being a felon in possession of a firearm.  At sentencing, the district court determined that movant had sustained a prior conviction under California Penal Code § 273.5 for corporal injury on a spouse or cohabitant, and concluded that such a conviction qualified as a "crime of violence" under §2K2.1(a)(3) of the United States Sentencing Guidelines (USSG).  Therefore, the court found movant's Base Offense Level under the USSG to be 22.  The court then reduced movant's Base Offense Level by 3 levels under USSG § 3E1.1 for acceptance of responsibility, resulting in a Total Offense Level of 19. [1]  With a

---

[1] While the transcript of the sentencing hearing is not currently available, both parties agree to the foregoing information concerning movant's sentence and the information is consistent with the Presentence Investigation Report (ECF No. 21).

1

Total Offense Level of 19, and with the movant a Criminal History Category IV, the USSG suggested a sentencing range of 46-57 months. ECF No. 21 at 12. The district court elected to sentence movant to the low end of that range. ECF No. 29.

Movant takes issue with the district court's finding that his prior California conviction for corporal injury on a spouse or cohabitant amounted to a "crime of violence" under USSG § 2K2.1(a)(3). Movant argues that his sentence should be vacated and that he should be resentenced without the "crime of violence" enhancement, resulting in a USSG range of 37-46 months.

At the time movant was sentenced, USSG § 4B1.2(a) defined "crime of violence" for purposes of USSG § 2K2.1(a)(3), in relevant part, as one which either:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

The language in subsection (1) is generally referred to as the "elements clause," and the language italicized in subsection (2) is generally referred to as the "residual clause." See e.g. Welch v. U.S., 136 S. Ct. 1257, 1261 (2016).

A violation of Cal. Penal Code § 273.5 occurs when a person willfully inflicts corporal injury resulting in a traumatic condition upon a spouse, cohabitant or other person meeting the definition of "victim" in the statute.

In Johnson (Curtis) v. United States, 559 U.S. 133, 140 (2010) ("Johnson I"), the Supreme Court clarified that it is implied in the "elements clause" that the amount of force required is "violent force—that is, force capable of causing physical pain or injury to another person." Shortly after the Supreme Court decided Johnson I the Ninth Circuit decided United States v. Ayala-Nicanor, 659 F.3d 744 (9th Cir. 2011). In that decision, the Ninth Circuit re-affirmed its holding in United States v. Laurico-Yeno, 590 F.3d 818, 823 (9th Cir. 2010), that corporal injury on a spouse or cohabitant as defined in Cal. Penal Code § 273.5 is "categorically a 'crime of violence'" under the definition identified in the "elements clause." Ayala-Nicanor, 659 F.3d at

748-752.

Movant argues that following the Supreme Court's decision in <u>Johnson (Samuel) v. United States</u>, 135 S. Ct. 2551 (2015) ("Johnson II"), this court is no longer compelled to abide by the Ninth Circuit's finding that corporal injury on a spouse or cohabitant is "categorically a crime of violence" under USSG § 2K2.1(a)(3).  In <u>Johnson II</u>, the Supreme Court found that the "residual clause," as it appeared in 18 U.S.C. § 924(e), was unconstitutionally vague.  <u>Id</u>. at 2555-63.

The court has reviewed <u>Johnson II</u> and has determined that it does not call into question the Ninth Circuit's holding in <u>Ayala-Nicanor</u>, as the language of the "elements clause" and the "residual clause" are entirely different.

> The court's task goes beyond deciding whether creation of risk is an element of the crime.  That is so because, unlike the part of the definition of a violent felony that asks whether the crime "has as an *element* the use . . . of physical force," the residual clause asks whether the crime "*involves conduct*" that presented too much risk of physical injury.

<u>Johnson II</u>, 135 S. Ct. at 2557.

For these reasons, movant is not entitled to relief under 28 U.S.C. § 2255.  Further, because it is clear that Ninth Circuit precedent bars movant from obtaining relief, the court need not address any of the other arguments presented in opposition to movant's claim.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Movant's June 22, 2016 motion for habeas corpus relief under 28 U.S.C. § 2255 (ECF No. 31) be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-1412 GEB CKD.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 14, 2017

_CAROLYN K. DELANEY_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
love0146.257